Filed 9/20/16  Marriage of Shattuck and Moss CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re Marriage of SHARI SHATTUCK and RONN MOSS. | B265684 |
| SHARI SHATTUCK, Appellant, v. RONN MOSS, Respondent. | (Los Angeles County Super. Ct. No. BD383731) |

APPEAL from an order of the Superior Court of Los Angeles County. Patrick A. Cathcart, Judge.  Reversed and remanded for further proceedings.

Brauer Law Corporation, Laurel B. Brauer and Hogan W. Song for Appellant.

No appearance for Respondent.

———————————————

Appellant Shari Shattuck (Shattuck) challenges a postjudgment modification of child support order. She contends, inter alia, that the trial court erred in failing to consider the best interests of the child when it modified respondent Ronn Moss's (Moss) child support payments from $2,500 per month to $555 per month.

After reviewing the appellate record, Shattuck's appellate brief, and the pertinent legal authority, it appears that the trial court overlooked this key factor when it granted Moss's request for order of modification of child support. Accordingly, we reverse the trial court's order and remand the matter for a redetermination of Moss's support obligation consistent with the best interests of the child.

## FACTUAL AND PROCEDURAL BACKGROUND

Shattuck and Moss married on January 1, 1990, and had two children, one born in 1994 and one born in 1998.

Shattuck worked as an actress and then as a published author. Moss was a television actor on *The Bold and the Beautiful (B&B)*.

*Stipulated Judgment*

The parties separated on January 1, 2002, and were divorced in 2006. According to the stipulated judgment, Moss was required to pay child support, $2,500 for each of the two children, and maintain medical insurance for the children's benefit. Moss was also ordered to pay spousal support in the amount of $12,500 per month. The stipulated judgment was based upon circumstances as of October 31, 2003, which indicated that Shattuck's gross monthly wages and salary were $3,410, her self-employment income was $1,323 per month, and she had other taxable income in the sum of $33 per month. Moss's gross monthly wages and salary were $39,461, and he had other taxable income in the amount of $16,231 per month.

*Request for Order of Modification*

On August 15, 2014, Moss filed a request for order of modification of child support, seeking to reduce the amount of monthly child support payments for the one minor child. His request was based upon his representation that his income took a

2

"drastic decline," dropping to $551,713 in 2011, $198,840 in 2012, and -$174,238 in 2013.

### 1. Moss's Finances

In July 2012, Moss's contract with *B&B* was up for renewal. At the time he had been earning about $700,000 per year; he was offered a new one-year contract for approximately $400,000 per year. Although Moss hired a representative to negotiate the terms of a deal, contract negotiations fell through and his contract was not renewed.

Moss has an interest in two companies, Bratboy and DevRonn; he has a 100 percent interest in Bratboy and a 50 percent interest in DevRonn, a company he started with his current spouse. According to Moss, in 2013, the net yearly income realized from Bratboy was $39,307.16. That same year, he realized $5,367 from DevRonn. In 2014, his net yearly income from Bratboy was $68,488.15 and was $6,310.08 from DevRonn.

Moss also owns several properties. In 2014, he sold the Nottingham residence and estimated receiving $1,323,996.80 upon the close of escrow. His other properties have a total net equity of $738,456. His rental properties realized a loss of $10,000 per year.

Moss also has an IRA account. To meet his monthly obligations, Moss withdrew $100,000 from that account in 2013 and $260,000 in 2014. As of November 2014, the IRA account had a balance of $1,224,544.

Moss pays $1,327.25 per month for health insurance. That monthly premium covers himself, his current spouse, and his minor child.

Moss claims significant yearly total expenses.

### 2. Memorandum of Points and Authorities

In his supporting memorandum of points and authorities, Moss argued, among other things, that the trial court not impute earning capacity as there had been no willfulness or deliberate misconduct on his part that led to the reduction in his income. His memorandum of points and authorities is silent regarding the best interests of the child.

### 3. Supplemental Memorandum of Points and Authorities

Again, in his supplemental memorandum of points and authorities, Moss asserted that there was "no willful intent on [his] part to avoid fulfilling his financial obligations through deliberate misconduct." Thus, he asked that the trial court not impute earning capacity.

*Statement of Decision*

In April 2015, the trial court issued its statement of decision, finding that "the evidence does not support a finding that [Moss] had an expectation of remaining at the $400,000 income level in a role on [*B&B*] after the end of 2013, much less in 2015 at the age of 63." It further found that Moss "did not deliberately terminate his employment contract on [B&B] in an effort to avoid his financial responsibilities. The Court will not impute income to [Moss] on any theory of earning capacity."

The statement of decision is silent on the issue of the best interest of the minor child.

*Shattuck's Motion to Vacate (Code of Civ. Proc., § 663)*

Following the trial court's statement of decision, Shattuck filed a motion to vacate and enter a different judgment, pursuant to Code of Civil Procedure section 663. She argued, inter alia, that the trial court's decision was erroneous because (1) by relying upon the fact that Moss did not deliberately terminate his employment with *B&B*, it applied the wrong legal standard regarding whether to impute earning capacity; and (2) it failed to consider the minor child's best interests.[1]

Moss opposed the motion. Regarding the child's best interests, Moss writes only: "[Shattuck] wants this Court to impute income to [Moss] because it is in the best interest of [the minor child[ but does not want the Court to impute income to her."

After entertaining oral argument, the trial court denied the motion.

---

[1] Shattuck's counsel reiterated this argument at the hearing: "[The minor's] best interests should have been considered in part of the reasoning of the statement of decision."

4

*Appeal*

Shattuck's timely appeal ensued.

## DISCUSSION

I. *Standard of review*

Orders modifying child support are reviewed for abuse of discretion. (*In re Marriage of Bodo* (2011) 198 Cal.App.4th 373, 384.) As is relevant to this appeal, the decision to impute income is reviewed for abuse of discretion as well. (*In re Marriage of Schlafly* (2007) 149 Cal.App.4th 747, 753.) A "trial court abuse[s] its discretion in imputing income . . . without an express finding supported by substantial evidence that the imputation would benefit the children." (*In re Marriage of Ficke* (2013) 217 Cal.App.4th 10, 13.)

II. *Analysis*

"[C]hildren's interests are a top priority [citation] and payment of appropriate support is a parent's primary obligation." (*In re Marriage of Padilla* (1995) 38 Cal.App.4th 1212, 1218.) Thus, "California has adopted a 'statewide uniform guideline' for determining child support according to a complex formula based on each parent's income and custodial time with the child. [Citations.]" (*In re Marriage of McHugh* (2014) 231 Cal.App.4th 1238, 1245.) "The Family Code grants the trial court discretion to impute income to a parent based on his or her 'earning capacity.' [Citation.] Specifically, [Family Code] section 4058, subdivision (b) states, 'The court may, in its discretion, consider the earning capacity of a parent in lieu of the parent's income, consistent with the best interests of the children.'" (*In re Marriage of McHugh*, *supra*, at p. 1245.)

"Originally, 'the exercise of this discretion was limited to situations where the parent was found to be deliberately shirking family responsibilities by refusing to seek or accept gainful employment. [Citations.] No such limitation exists under the present scheme, however. [Citations.] "While deliberate avoidance of family responsibilities is a significant factor in the decision to consider earning capacity [citation], the statute explicitly authorizes consideration of earning capacity in all cases," consistent with the

5

child's best interests.  [Citations.]' [Citation.]" (*In re Marriage of McHugh*, *supra*, 231 Cal.App.4th at pp. 1245–1246.)

Accordingly, a payor parent does not have the right to divest himself of his earning ability at the expense of minor children.  (*In re Marriage of Ilas* (1993) 12 Cal.App.4th 1630, 1635.)  That said, a parent may voluntarily leave a job for one paying less so long as the children's reasonable needs are satisfied.  (*In re Marriage of Padilla*, *supra*, 38 Cal.App.4th at pp. 1218, 1220; see also *In re Marriage of Ficke*, *supra*, 217 Cal.App.4th at p. 22, fn. 10.)

In sum, Family Code section 4058, subdivision (b), means "that the best interests of the children must be considered in determining whether to impute income to a parent for the purposes of child support.  [Citation.]" (*In re Marriage of Mosley* (2008) 165 Cal.App.4th 1375, 1390.)

As pointed out by Shattuck, it appears that the trial court here did not consider what was in the minor child's best interests when it decided not to impute income to Moss "on any theory of earning capacity."  Because the minor child's best interests were paramount, we reverse the trial court's order and remand the matter for further proceedings.  Upon remand, the trial court shall bear in mind the best interests of the minor child when determining whether to impute income to Moss.

**DISPOSITION**

The order is reversed and the matter is remanded for further proceedings regarding the best interest of the minor child.  Shattuck shall recover her costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
                  ASHMANN-GERST


We concur:


_____, P. J.
       BOREN


_____, J.
       CHAVEZ